IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Roughneck Concrete Drilling & Sawing Company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Plumbing Contractors' Association of Chicago and Cook County; Chicago Journeymen Plumbers' Local Union 130, Plumbers' Pension Fund, Local 130, UA and its Trustees; Plumbers' Welfare Fund, Local Union 130, UA and its Trustees; Trust Fund for Apprentice and Journeymen Education and Training, Local Union 130, UA and its Trustees; The Plumbing Council of Chicagoland and its Trustees; Group Legal Services Plan Fund, Local 130, U.A. and its Trustees; the Joint Arbitration Board and its individual members, ten John Does and/or Jane Does,<br><br>　　　　　Defendants. | Case No. 08 C 5990<br><br>Judge Joan Humphrey Lefkow<br><br>Magistrate Judge Arlander Keys |

**PLAINTIFF ROUGHNECK CONCRETE DRILLING & SAWING COMPANY'S
MOTION FOR ENTRY OF JUDGMENT INCLUDING COSTS**

Plaintiff, Roughneck Concrete Drilling & Sawing Company ("Roughneck"), by and through its undersigned counsel, pursuant to Federal Rules of Civil Procedure Rule 54(d)(1) ("Rule 54"), hereby moves this Court for entry of judgment, including costs in the sum of $1,702.10, in its favor and against Defendants Plumbers' Pension Fund, Local 130, UA; Plumbers' Welfare Fund, Local Union 130, UA; Trust Fund for Apprentice and Journeymen Education and Training, Local Union 130, UA; The Plumbing Council of Chicagoland; and the Group Legal Services Plan Fund, Local 130, UA (collectively the "Fringe Benefit Funds") and in support states as follows:

**Roughneck Is Entitled to Entry of Judgment**

1. On October 20, 2008, Roughneck filed Case No. 5990, a complaint to vacate an arbitration award issued by the Joint Arbitration Board ("JAB").

2. On December 9, 2008, Roughneck filed Case No. 7047, a complaint to enforce an arbitration award issued by Arbitrator Paul Greenberg pursuant to the Plan for the Settlement of Jurisdictional Disputes in the Construction Industry Including Procedural Rules and Regulations (the "National Plan") ("Greenberg Award").

3. On September 30, 2009, this Court dismissed both Case No. 5990 and Case No. 7047. (Doc. No. 90, Case No. 5990).

4. On October 29, 2009, Roughneck appealed this Court's dismissals of Case Nos. 5990 and 7047 to the Seventh Circuit.

5. On April 7, 2011, the Seventh Circuit issued an opinion (i) reversing this Court's decision in both Case No. 5990 and Case No. 7047; (ii) vacating the JAB Award and (iii) enforcing the Greenberg Award. A true and accurate copy of the Opinion is attached hereto as Exhibit A.

6. As Roughneck is the prevailing party in both actions, including Case No. 5990, and as directed by the Seventh Circuit, Roughneck requests this Court to enter judgment in its favor and against Defendants Fringe Benefit Funds in this matter.

**Roughneck Is Entitled to Costs**

7. Additionally, in accordance with Rule 54 and 28 U.S.C. § 1920, Roughneck requests this Court to award it costs to be included in the judgment against Defendants.

8.  Rule 54(d) provides that costs should be allowed as a matter of course to the prevailing party. *Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699, 701 (7th Cir. 2008).

9.  Specifically, Rule 54(d)(1) states in relevant part as follows:

> Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party.

10. Pursuant to 28 U.S.C. § 1920, a judge or clerk of any court of the United States may tax as costs the following:

> **(1)** Fees of the clerk and marshal;
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> **(3)** Fees and disbursements for printing and witnesses;
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> **(5)** Docket fees under section 1923 of this title;
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

11. "Fees of the clerk and marshal" include the costs of private process servers. *Collins v. Gorman*, 96 F.3d 1057 (7th Cir. 1996).

12. Costs also include computerized research. *Little*, 514 F.3d at 701; *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 976 (7th Cir. 1991).

13. Here, Roughneck incurred $1,702.10 in costs which should be allowed and included in the judgment. A true and accurate copy of the Bill of Costs is attached hereto as <u>Exhibit B</u>.

**WHEREFORE**, Roughneck respectfully moves this Court to enter judgment, including costs in the sum of $1,702.10, in its favor and against Defendants Plumbers' Pension Fund, Local 130, UA; Plumbers' Welfare Fund, Local Union 130, UA; Trust Fund for Apprentice and

Journeymen Education and Training, Local Union 130, UA; and The Plumbing Council of Chicagoland; Group Legal Services Plan Fund, Local 130, UA, and for such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        /s/Richard N. Kessler

        Richard N. Kessler, Esq. (ARDC #6183140)
        Jenny McGovern, Esq. (ARDC# 6289824)
        McDONALD HOPKINS LLC
        300 N. LaSalle Street, Suite 2100
        Chicago, IL 60654
        (312) 280-0111 (telephone)
        (312) 280-8232 (facsimile)
        e-mail: jmcgovern@mcdonaldhopkins.com

        Todd L. Sarver, Esq. (admitted *pro hac vice*)
        McDONALD HOPKINS LLC
        41 South High Street, Suite 3550
        Columbus, OH 43215
        (614) 458-0042 (telephone)
        (614) 458-0028 (facsimile)
        e-mail: tsarver@mcdonaldhopkins.com

        Attorneys for Defendant,
        Roughneck Concrete Drilling & Sawing Co.

Date: April 13, 2011